IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CESAR GUAJARDO-PALMA,

                                       OPINION AND ORDER

          Plaintiff,

                                       10-cv-112-slc

    v.

SGT. MARTINSON, Mail Room Sgt;
JOHN/JANE DOE/All Mail Room Staff,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Cesar Guajardo-Palma has filed a proposed complaint in which he contends that prison staff at the New Lisbon Correctional Institution have opened his "legal mail" outside his presence.  He is proceeding pro se and has paid the filing fee.

      Because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed plaintiff's complaint, I conclude that he has failed to state a claim upon which relief may be granted.

1

Plaintiff identifies several instances in which mail that he classifies as his "legal mail" was opened outside his presence:

- in January 2009, a letter from "Immigration";

- in July 2009, a letter from the "U.S. Department of Justice, Executive Office for Immigration Review, Immigration Court";

- in August 2009, a letter from U.S. Immigration Customs and Enforcement;

- in October 2009 a letter from the Department of Homeland Security;

- in October and November 2009, four letters from the Wisconsin Department of Corrections that were stamped "confidential"; one of these letters was stamped "Legal Mail Open in Presence of Inmate."

Plaintiff does not identify the content of any of these letters.

One potential problem with plaintiff's claim is that it is not clear whether any of letters he identifies would qualify as "legal mail" under the law of this circuit.  Generally, "legal mail" is correspondence from a lawyer actually or potentially representing the prisoner. Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996) (stating that "legal mail" is "privileged mail to or from an attorney").  A letter is not legal mail simply because it comes from the government or relates to legal issues.  For example, in Kaufman v. McCaughtry, 419 F.3d 678, 685 (7th Cir. 2005), the court held that the prisoner failed to show that prison officials violated his rights by opening mail from the U.S. Department of Justice," the

2

American Civil Liberties Union, the Eau Claire County Sheriff's Office and two law firms while noting that "no attorney from any of these organizations ever represented [the prisoner] in any capacity." See also Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000) (correspondence from prisoner's fiancée not legal mail just because it contained documents to be used at his criminal trial); Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) (questioning whether mail from court or other public officials should qualify as legal mail). Plaintiff does not suggest that any of his opened correspondence was from his lawyer.

In Castillo v. Cook County Mail Room Dept., 990 F.2d 304, 307 (7th Cir. 1993), the court took a broader view, concluding that documents from a federal court could qualify as "legal mail." However, in that case, the court emphasized that the mail was explicitly identified as "legal mail" on the envelope. In this case, none of the envelopes at issue are designated as legal mail, with the exception of some of the correspondence from the Department of Corrections. (Plaintiff has attached copies of the opened envelopes to his complaint.). I am aware of no authority suggesting that staff members of the Department of Corrections violate the Constitution by opening mail from their own agency.

A second potential problem is that plaintiff does not allege any facts suggesting that his mail was opened intentionally. Generally, negligent conduct does not violate the Constitution. Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir. 1992); Henderson v. Kool, 2005 WL 1541104, *3 (W.D. Wis. 2005) (applying this rule in context of opening of prisoner

3

legal mail).  In years past, a conclusory allegation of foul play might suffice at the pleading stage.  However, after Ascroft v. Iqbal, 129 S. Ct. 1937 (2009), conclusions are not enough.  Rather, a court reviewing a complaint must "determine whether [the allegations] plausibly sugges[t] an entitlement to relief."  Id. at 1951.  It seems that plaintiff's only reason for believing that prison staff acted intentionally is that the alleged acts occurred multiple times over the course of a year.  In light of the large amount of mail that the prison receives, it is doubtful that plaintiff has alleged enough to meet the plausibility standard.

Finally, even if I assumed that any of the letters at issue might qualify as "legal mail" and that  prison staff opened them intentionally, plaintiff's claim fails because he identifies no injury other than the opening of his mail outside his presence.  In Vasquez v. Raemisch, 480 F. Supp. 2d 1120, 1138-41 (W.D. Wis. 2007), I concluded that prisoners do not have a freestanding right to be present when prison officials open their mail, legal or otherwise.  In coming to this conclusion, I acknowledged a prisoner's interest in keeping his legal mail private.  "[I]f prison officials are free to open and inspect sensitive legal communications outside the watchful eye of the prisoner, the officials may read these materials with impunity, which could chill prisoners from exercising their right to free speech out of fear of retaliation or embarrassment."  Id. at 1140. However, a prisoner's privacy interest

> would not apply solely to legal mail, but to any mail that includes criticisms
> of prison officials or discussions of sensitive subjects. As noted by one court:
> "It takes little more than common sense to realize that a tender note, so

> important to the morale of the incarcerated individual, might never be penned if the writer knew that it would first be scrutinized by a guard." Wolfish v. Levi, 573 F.2d 118, 130 (2d Cir.1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520 (1979).

Vasquez, 480 F. Supp. 2d at 1140.

Despite prisoners' interest in keeping their mail private, the court of appeals has long held that prison officials do not violate a prisoner's rights by inspecting personal correspondence outside the presence of the prisoner. Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir. 1988); Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir. 1986); Smith v. Shimp, 562 F.2d 423 (7th Cir. 1977). Further, the Supreme Court has held that prisoner communications are not entitled to heightened "constitutional protection based upon the content of a communication." Shaw v. Murphy, 532 U.S. 223, 230 (2001). In fact, the Court rejected the argument that deference to prison officials on matters of prisoner communication is limited to "nonlegal correspondence." Id. at 228. Thus, "[i]f security interests allow prison officials to inspect general correspondence outside the prisoner's presence, as the court of appeals has held, and legal communications are not entitled to special First Amendment treatment, as the Supreme Court has held, it is difficult find a coherent free speech rationale for a rule treating legal mail differently from other types of mail." Vasquez, 480 F. Supp. 2d at 1139.

Opening a prisoner's legal mail *could* lead to a constitutional violation if a prison

5

official confiscated documents necessary to litigate a case, used information in legal documents to punish the prisoner or otherwise interfered with a prisoner's right to have access to the courts. Kaufman, 419 F.3d at 685-86 (noting that legal mail is protected "because of the potential for interference with his right of access to the courts" and dismissing claim because prisoner "offered no evidence that his ability to litigate any matter was affected by the defendants' action"); West v. Endicott, 2008 WL 906225, *6 (E.D. Wis. 2008) ("[W]hen the allegation is merely that legal mail was improperly opened—rather than destroyed or delayed–-the right is only actionable in this circuit to the extent the violation inhibits the inmate's ability to access the courts.") However, plaintiff does not allege that anyone retaliated against him as a result of information in his letters or hindered his ability in any legal proceedings.

Although I am concluding that plaintiff has failed to state a claim upon which relief may be granted, that does not mean that I am suggesting that prison officials should disregard prisoner's privacy interests in their mail. It is a natural human tendency to want to keep personal communications from the prying eyes of third parties. In the prison context, where tensions are high and distrust is prevalent, that feeling is likely even stronger. Thus, it may be in the best interests of prison officials to foster mutual respect and decrease suspicion by creating special procedures for handling more sensitive kinds of mail. In fact, this is what the Department of Corrections has done. Under Wis. Admin. Code § DOC 309.04(3), prison

6

staff are instructed to open mail in the presence of the prisoner if it is sent by a lawyer or various public officials. With the large quantities of mail that come through the prison system, it is not surprising that staff sometimes make mistakes. To the extent those mistakes become an ongoing problem, that problem is best addressed through the prison's internal procedures or, if necessary, through a writ of certiorari in state court.

ORDER

IT IS ORDERED that

1. Plaintiff Cesar Guajardo-Palma's complaint is DISMISSED for his failure to state a claim upon which relief may be granted.

2. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 11th day of March, 2010.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge